**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., an Arizona<br>    Limited Liability Company; and<br>LPL LICENSING, L.L.C., a Delaware Limited<br>    Liability Company;<br><br>                     Plaintiffs,<br><br>v.<br><br>CHASE MANHATTAN MORTGAGE<br>    CORPORATION, a New Jersey<br>    corporation;<br>JP MORGAN CHASE BANK, N.A., a<br>    Delaware corporation;<br>CITIBANK, N.A.,  a national bank association;<br>CITIBANK USA, N.A., a limited purpose credit<br>    card bank;<br>CITIBANK (SOUTH DAKOTA), N.A., a<br>    limited purpose credit card bank;<br>CITIMORTGAGE, INC., a New York<br>    corporation;<br>CITIGROUP, INC.,  a Delaware corporation;<br>CITI ASSURANCE SERVICES, INC., a<br>    Maryland corporation;<br>COUNTRYWIDE HOME LOANS, INC., a<br>    New York corporation;<br> COUNTRYWIDE INSURANCE SERVICES,<br>    INC., a California corporation;<br>DISCOVER FINANCIAL SERVICES, INC., a<br>    Delaware  corporation;<br>DISCOVER BANK,  a Delaware corporation;<br>GMAC Mortgage, L.L.C. (f/k/a GMAC<br>    Mortgage Corporation), a Delaware<br>    corporation;<br>GMAC INSURANCE MARKETING, INC., a<br>    Missouri corporation;<br>LIBERTY LIFE INSURANCE COMPANY, a<br>    South Carolina corporation;<br>RESPONSE WORLDWIDE INSURANCE<br>    COMPANY, an Ohio corporation; | Civil Action No. 2–07–cv–387–TJW–CE |

[Caption continued on following page.]

DIRECT RESPONSE CORPORATION, a
    Delaware corporation;
WARNER INSURANCE COMPANY, a
    Illinois corporation;
STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY, a Illinois
    corporation;
STATE FARM BANK, F.S.B., a Federal
    savings Association;
USAA Federal Savings Bank, a FEDERAL
    SAVINGS  BANK;
USAA SAVINGS BANK, a Nevada
    corporation;

                Defendants.

## DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND COUNTRYWIDE INSURANCE SERVICES, INC.'S MOTION FOR LIMITED OPENING OF DISCOVERY

Defendants COUNTRYWIDE HOME LOANS, INC. and COUNTRYWIDE

INSURANCE SERVICES, INC. ("Countrywide") respectfully ask the Court to allow it to take

early limited discovery to obtain the prior license and settlement agreements the Plaintiffs have

executed with respect to their patents.  *See* Defs.' First Req. for Produc. (Exh. A).  Production of

these materials would allow Countrywide to make an early assessment of its position with respect

to further litigation and/or resolution of this matter.[1]  Countrywide will treat all license and

settlement agreements produced as ATTORNEYS' EYES ONLY under the MDL Protective

Order (see subsequent *Nature and Stage of the Proceedings* section) and CONFIDENTIAL –

OUTSIDE ATTORNEYS EYES ONLY under Local P. R. 2–2 to protect any confidential

information the documents might include.

---

[1] Upon resumption of the litigation, Countrywide intends to move this Court to transfer the action under 28 U.S.C. § 1404(a) to the Central District of California, where Countrywide is located.

## I.      Nature and Stage of the Proceedings

This case was previously transferred to an MDL proceeding April 10, 2008 (Doc. 141).

Most of the defendants have settled and presumably have taken a license for Plaintiff's patents.

Although the MDL court had entered a Protective Order, see *In re Phoenix Licensing, L.L.C.*

*Patent Litig.*, MDL No. 08–1910–MHM (D. Ariz. filed Aug. 15, 2008) (Doc. 72) (Exh. B),

discovery had not opened at the time the case was transferred back to this Court and still has not

commenced.

## II.     Argument

### A.      Legal Standard

Countrywide's motion to obtain this limited amount of discovery is clearly allowed by the

federal rules as well as the local rules for this Court.  Fed. R. Civ. P. 26(b)(1) allows discovery of

any non-privileged[2] matter "that is relevant to the claim or defense of any party."  Further,

"[r]elevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence."  *Id.*  While regional circuit law governs

purely procedural discovery issues, in a patent case Federal Circuit law controls whether particular

written or other materials are relevant, because a determination of relevance implicates the

substantive law of patent validity and infringement.  *See Truswal Sys. Corp. v. Hydro-Air Eng'g,*

*Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987).

---

[2] Should plaintiff argue the settlements and licenses are privileged under federal common-law, see
Fed. R. Evid. 501, the D.C. Circuit noted the proponent of privilege bears the burden of
establishing facts sufficient to warrant applying the privilege.  *In re Subpoena Duces Tecum*, 439
F.3d 740, 750 (D.C. Cir. 2006).  This Court has not adopted the Sixth Circuit's view that
settlement agreements are privileged.  *See Commonwealth Sci. & Indus. Research Organisation*,
2008 U.S. Dist. LEXIS 109254, at *11 (E.D. Tex. Oct. 24, 2008) (Davis, J.) ("[Non-movant] wants
the Court to go far beyond *Goodyear*—a case neither the Fifth Circuit nor this Court has
adopted.").

Fed. R. Evid. 408 governs only admissibility of settlement material, not discoverability, and therefore provides no basis to bar disclosure of the settlement documents.  *Commonwealth Sci. & Indus. Research Organisation v. Toshiba Am. Info. Sys.*, No. 6:06–cv–550, 2008 U.S. Dist. LEXIS 109254, at *9–10 (E.D. Tex. Oct. 24, 2008) (Davis, J.); *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 (7th Cir. 1979) ("Neither [party] has argued that the conduct of the settlement negotiations is protected from examination by some form of privilege, and we find no convincing basis for such an objection here. . . Inquiry into the conduct of the negotiations is also consistent with the letter and the spirit of Rule 408 of the Federal Rules of Evidence."); *In re Subpoena Issued to Commodity Futures Trading Commission*, 370 F. Supp. 2d 201 (D.D.C. 2005) ("Congress chose to promote this goal through limits on the admissibility of settlement material rather than limits on their discoverability.") (citation omitted); *In re Initial Pub. Offering Sec. Litig.*, No. 21–mc–92–SAS, 2004 WL 60290, at *3–4 (S.D.N.Y. Jan. 12, 2004) ("Because the standards of relevance are different, however, Rule 408 does not bar discovery of offers of settlement under Rule 26, so long as the settlement material may reasonably lead to the discovery of admissible evidence.").

Requests for production can be served before the Rule 26(f) conference if the parties agree or the court allows the requests.  Fed. R. Civ. P. 26(d)(1).

### B.    Countrywide Is Seeking Only Limited Discovery to Facilitate Evaluation of the Case and Possible Efforts for Resolution

Countrywide brings it motion at this early time only to discover whether Plaintiff has licensed the patent-in-suit, and, if so, the substance of the agreements.  Countrywide is not looking for disclosure of ongoing settlement negotiations that might conflict with Fed. R. Evid. 408's policy of encouraging settlement, or Fed. R. Civ. P. 26's admonition against discovery which might cause undue burden or embarrassment.

4

### C.    Countrywide's Request is Within the Scope of Legitimate Discovery

Countrywide's threshold for obtaining the documents is merely that they are reasonably calculated to lead to the discovery of admissible evidence.  There can be no serious doubt that settlement and license agreements regarding the patent-in-suit are probative in a patent infringement case as the agreements meet this standard — they are relevant to the question of damages.  *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1118 (S.D.N.Y. 1970) (listing "evidentiary facts relevant, in general, to the determination of the amount of a reasonable royalty for a patent license" including "royalties received by the patentee for the licensing of the patent in suit," "[t]he nature and scope of the license," "duration of the patent and the term of the license," etc.).  Moreover, licensing of the patents in suit may be relevant to the issue of validity as well.  *See, e.g., Hearing Components, Inc. v. Shure, Inc.*, No. 9-07-CV-104, 2009 U.S. Dist. LEXIS 17168, at *18 (E.D. Tex. March 6, 2009) (Clark, J.) (hearing expert testimony "including whether others accepted licenses because of the merits of the invention"); Order on Motion to Compel, *Hologic, Inc. et al v. Senorx, Inc.,* No. 5-08-cv-00133, at p. 3 (N.D. Cal. filed Jan. 13, 2009) (holding settlements relevant because "any showing of commercial success by way of the existence of the license is subject to being undermined if settlement negotiations from which it flowed reflects that commercial value was not the driving force behind the agreement."); *see also John E. Thropp's Sons Co. v. Seiberling*, 264 U.S. 320, 330 (U.S. 1924) ("The license was not a heavy tax, equal to less than one per cent. of the cost of a machine, and purchase of peace was a wise course for the smaller manufacturer.  Evidence of this kind is often very persuasive, especially when patentable novelty is in doubt.").

### III.    Conclusion

As non-privileged, relevant material, Countrywide is likely to ultimately receive the

licenses and settlement agreements in full discovery[3]; however, if the Court allows this limited early discovery at this time, Countrywide can make a reasonable assessment of its position potentially allowing for a quicker resolution of this matter, saving the parties and the Court time and resources.  Therefore, Countrywide asks the Court for permission to take limited discovery for the purpose of obtaining the settlement and license agreements previously executed, if any, by the Plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C. and all other relief to which it is justly entitled.

Dated:  August 11, 2009

Respectfully Submitted,
By:
 /s/ William C. Rooklidge

William C. Rooklidge — Lead Attorney
HOWREY, LLP
4 Park Plaza, Suite 1700
Irvine, CA  92614-8557
TX State Bar No. 134483 (Pro Hac Vice)
Fax: 949.759.3904
Tel: 949.721.6900
Email: rooklidgew@howrey.com

Gary J. Fischman
  TX State Bar No. 00787469
  Email: fischmang@howrey.com
Joshua S. Wyde
  TX State Bar No. 24060858
  Email: wyde@howrey.com
HOWREY, LLP
1111 Louisiana St. Fl. 25
Houston, TX  77002
Fax: 713.787.1440
Tel: 713.787.1400

---

[3] *See, e.g.*, *NPR Invs., LLC v. United States*, Civil Action No. 5:05–CV–00219, 2009 U.S. Dist. LEXIS 59853, at *2 (E.D. Tex. 2009) (Ward, J.) (ordering disclosure of "any settlement agreements relevant to the subject matter of this action" in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16).

*Attorneys for Defendants*
COUNTRYWIDE HOME LOANS, INC. and
COUNTRYWIDE INSURANCE SERVICES,
INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 11, 2009.   Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

 /s/ William C. Rooklidge<br>
William C. Rooklidge

## **CERTIFICATE OF CONFERENCE**

The undersigned verifies that counsel have complied with the meet and confer requirement under Local Rule CV-7(h) and Plaintiff's counsel, Mr. Luner, has indicated he will oppose the motion.  Mr. Luner and Countrywide's counsel have discussed the substance of this motion on numerous occasions, including as recently as August 10, 2009, and were unable to reach a resolution.  The parties' counsel, including Mr. Luner and Mr. Fischman, communicated both via telephonically and via email, and due to irreconcilable differences concerning the appropriateness of providing the information that is the subject to the motion, have reached an impasse.

/s/  William C. Rooklidge<br>
William C. Rooklidge