# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., an Arizona Limited Liability Company; and LPL LICENSING, L.L.C., a Delaware Limited Liability Company;<br><br>       Plaintiffs,<br>v.<br><br>CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation;<br>JP MORGAN CHASE BANK, N.A., a Delaware corporation;<br>CITIBANK, N.A., a national bank association;<br>CITIBANK USA, N.A., a limited purpose credit card bank;<br>CITIBANK (SOUTH DAKOTA), N.A., a limited purpose credit card bank;<br>CITIMORTGAGE, INC., a New York corporation;<br>CITIGROUP, INC., a Delaware corporation;<br>CITI ASSURANCE SERVICES, INC., a Maryland corporation;<br>COUNTRYWIDE HOME LOANS, INC., a New York corporation;<br>COUNTRYWIDE INSURANCE SERVICES, INC., a California corporation;<br>DISCOVER FINANCIAL SERVICES, INC., a Delaware corporation;<br>DISCOVER BANK, a Delaware corporation;<br>GMAC Mortgage, L.L.C. (f/k/a GMAC Mortgage Corporation), a Delaware corporation;<br>GMAC INSURANCE MARKETING, INC., a Missouri corporation;<br>LIBERTY LIFE INSURANCE COMPANY, a South Carolina corporation;<br>RESPONSE WORLDWIDE INSURANCE COMPANY, an Ohio corporation; | Civil Action No. 2–07–cv–387–TJW–CE<br><br>**DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND COUNTRYWIDE INSURANCE SERVICES, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS** |

[Caption continued on following page.]

| | |
|---|---|
| DIRECT RESPONSE CORPORATION, a Delaware corporation;<br>WARNER INSURANCE COMPANY, a Illinois corporation;<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Illinois corporation;<br>STATE FARM BANK, F.S.B., a Federal savings Association;<br>USAA Federal Savings Bank, a FEDERAL SAVINGS BANK;<br>USAA SAVINGS BANK, a Nevada corporation;<br><br>                  Defendants. | |

Pursuant to Fed. R. Civ. P. 34, Defendants COUNTRYWIDE HOME LOANS, INC. and COUNTRYWIDE INSURANCE SERVICES, INC. ("Countrywide") request that Plaintiffs PHOENIX LICENSING, L.L.C. and LPL LICENSING, L.L.C. ("Phoenix Licensing") produce the following documents and things for inspection and copying at the offices of Howrey LLP, 1111 Louisiana St., 25th Fl., Houston, TX 77002–5242 within 30 days after service of this request.

Countrywide reminds Phoenix Licensing that Phoenix Licensing is obligated to supplement its response to this request for production under Fed. R. Civ. P. 26(e).

### **DEFINITIONS**

As used herein, the following terms shall have the meaning set forth below:

A.    For purposes of these requests for production, terms not specifically defined shall be given their ordinary meaning. If Phoenix Licensing is unable to understand the meaning of any term, Phoenix Licensing is invited to immediately seek its clarification through Countrywide's counsel.

B.    The terms "you," "your," "Phoenix Licensing" or "Plaintiffs" means plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C., including each company's agents,

employees, attorneys and representatives.

    C.    The term "Countrywide" or "Defendants" means defendants Countrywide Home Loans, Inc. and Countrywide Insurance Services, Inc., including its divisions, subsidiaries, officers, directors, employees, agents and representatives.

    D.    The term "Documents" is used in its customary broad sense to mean all non-identical copies of all documents within the scope of Fed. R. Civ. P. 34, including, without limitation, all writings; all electronically stored information (including but not limited to emails and other electronic files in their native state, and all associated metadata); drafts of documents and revisions of drafts of documents; and all other materials whether written, printed, typewritten, handwritten, recorded, or other graphic matter of any kind or nature; reproduced by any process, which are in the possession and/or control of Plaintiffs or each company's employees and agents, or known to Plaintiffs to exist, and shall include all non-identical copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. By way of illustration only, and not by way of limitation, any document bearing on any sheet or side thereof any marks, including, but not limited, initials, stamped indicia, comment or notation of any character and not a part of the original text or any reproduction thereof, is to be considered a separate document. In the case of machine-readable documents, identify the specifications and/or common name of the machine on which the document can be read such as "VHS videotape, MS DOS (IBM) PC using Microsoft Word 2003" or the like.

    E.    The term "Communication" includes all discussions, conversations, interviews, negotiations, facsimiles, e-mails, cablegrams, mailgrams, telegrams, telexes, cables or other forms of written or verbal interchange, however transmitted, including reports, notes, memoranda, lists, agenda, and other documents and records of communications.

F. The terms "refer," "relate," "concern," "referring," "relating," or "concerning" shall be construed in the broadest sense to mean information (1) referring to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request; (2) which contains or comprises any communication (including representations, requests, demands, studies, analyses, and the like) referred to in these requests; or (3) information which discusses, mentions or refers, whether directly or indirectly, to the subject matter of the request.

G. The term "third party" means any person or entity other than Plaintiffs and Defendants.

H. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents which might otherwise be construed to be outside its scope.

I. The term "Publications" includes, but is not limited to, magazines, trade journals, newspapers, catalogs, websites, advertisements, and audio-visual works.

J. As used herein, the singular shall always include the plural and the present tense shall always include the past tense, and vice-versa as necessary in order to bring within the scope of the request all documents which might otherwise be construed to be outside its scope.

K. The term "Patents-in-Suit" shall mean or refer to the patents that are identified in Exhibits A–C to Plaintiff's First Amended Complaint for Patent Infringement ("Complaint"), including U.S. Patent Nos. 5,987,434 ("the '434 Patent"); 6,076,072 ("the '072 Patent); and 6,999,938 ("the '938 Patent").

## INSTRUCTIONS

The following instructions apply to the document requests below and should be considered as part of each subject request:

A. In answering these requests for production, furnish all documents and things available to you, including information in the possession of your employees, attorneys, consultants, investigators for your attorneys, or otherwise within your possession, custody and/or control, and not merely documents and things within your own personal knowledge.

B. If any information is withheld under a claim of privilege, state the nature of the privilege claimed (e.g., attorney-client communication) and all facts upon which you rely to support your privilege claim. For allegedly privileged documents, include: (1) a unique number to reference the document; (2) the date the document was created; (3) the identity and position or title of the recipients; (4) the identity and position or title of the author; (5) the identity and position of persons copied (CC'd); (6) a description of the contents or nature of the document; (7) the privileged claimed; (8) the present location of the document; and (9) the number of the discovery request to which the document is responsive.

C. If Plaintiffs objects to any subpart or portion of a request for production or objects to providing certain documents or things requested, state Plaintiffs's objections and answer the unobjectionable subpart(s) of the request for production and supply the unobjectionable documents or things requested.

D. If any of the following requests for production cannot be responded to in full after exercising reasonable diligence to secure the document or thing, please so state, supply the document or thing for those portions Plaintiffs are able to answer, and supply whatever information Plaintiffs have concerning the portion which cannot be answered in full. If Plaintiffs' response is qualified in any particular respect, set forth the details of such qualification.

E. If Plaintiffs otherwise object to any of the requests for production contained herein, identify, with specificity, the specific procedural rule(s) or substantive law(s) upon which the objection is based.

F. Documents and Communications shall be produced as they are kept in the usual course of business. In producing the documents and writings requested herein, Plaintiff shall produce them in their original file folders, if any, or in lieu thereof, attach to the set of documents produced from a given file. A photographic or electrostatic duplicate shall be produced in the same sequence as they are contained or found in the original file folder. The documents produced either in the original file folder or attached to a photographic or electrostatic duplicate shall be produced in the same sequence as they are contained or found in the original file folder. The integrity and internal sequence of the requested documents within each folder shall not be disturbed. Under no circumstances shall documents from any file folder be commingled with documents from any other file folder.

G. Documents and Communications shall be produced in such fashion as to identify in whose possession they were located and, where applicable, the natural person in whose possession they were found, and the business address of each document's custodian(s), if any.

H. These document requests shall be continuing, so as to require proper supplemental answers if further information or documents are obtained or developed by you, your counsel, or your agents seasonably after the time that you serve answers to these requests for production.

**REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all settlement agreements relating to the subject matter of this action, including, but not limited to, settlement agreements relating to any of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all assignments, licenses, and covenants not to sue relating to (i) any of the Patents-in-Suit; (ii) Patents and Patent Applications the Patents-in-Suit referenced for a claim priority; (iii) any and all Patents and Patent Applications whether continuations, divisionals, continuations-in-part, reexaminations, reissues, extensions, and renewals of any Patent and Patent Application referencing the Patents in (i) and (ii) for claim priority; and (iv) any foreign counterparts of any of the foregoing in any jurisdiction of the world.

Dated:  August 11, 2009

Respectfully Submitted,
By:
 /s/ *William C. Rooklidge*

William C. Rooklidge — Lead Attorney
HOWREY, LLP
4 Park Plaza, Suite 1700
Irvine, CA  92614-8557
TX State Bar No. 134483 (Pro Hac Vice)
Fax: 949.759.3904
Tel: 949.721.6900
Email: rooklidgew@howrey.com

Gary J. Fischman
  TX State Bar No. 00787469
  Email: fischmang@howrey.com
Joshua S. Wyde
  TX State Bar No. 24060858
  Email: wyde@howrey.com
HOWREY, LLP
1111 Louisiana St. Fl. 25

Houston, TX  77002
Fax: 713.787.1440
Tel: 713.787.1400

*Attorneys for Defendants*
COUNTRYWIDE HOME LOANS, INC. and
COUNTRYWIDE INSURANCE SERVICES,
INC.