UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., an Arizona Limited Liability Company, and LPL LICENSING, L.L.C., a Delaware Limited Liability Company;<br><br>Plaintiffs,<br><br>vs.<br><br>CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation; JP MORGAN CHASE BANK, N.A., a Delaware corporation; CITIBANK., N.A., a national bank association; CITIBANK USA, N. A., a limited purpose credit card bank; CITIBANK (SOUTH DAKOTA), N. A., a limited purpose credit card bank; CITIMORTGAGE, INC., a New York corporation; CITIGROUP, INC. a Delaware corporation; CITI ASSURANCE SERVICES, INC., a Maryland corporation; COUNTRYWIDE HOME LOANS, INC., a New York corporation; COUNTRYWIDE INSURANCE SERVICES, INC., a California corporation; DISCOVER FINANCIAL SERVICES,, a Delaware corporation; DISCOVER BANK, a Delaware corporation; GMAC Mortgage, L.L.C. (f/k/a GMAC Mortgage Corporation), a Delaware corporation; GMAC INSURANCE MARKETING, INC., a Missouri corporation; GMAC BANK, a Utah industrial loan corporation; LIBERTY LIFE INSURANCE COMPANY, a South Carolina corporation; RESPONSE WORLDWIDE INSURANCE COMPANY, an Ohio corporation; DIRECT RESPONSE CORPORATION, a Delaware corporation; WARNER INSURANCE COMPANY, a Illinois corporation; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Illinois corporation; STATE FARM BANK, F.S.B., a Federal Savings Association; USAA Federal Savings Bank, a FEDERAL SAVINGS | CASE NO. 2:07-cv-387 (TJW/CE)<br><br>**Jury Trial Demanded** |

| |
|---|
| BANK; USAA SAVINGS BANK, a Nevada corporation; UNITED SERVICES AUTOMOBILE ASSOCIATION, a reciprocal inter insurance exchange. |
| Defendants. |

## DISCOVERY ORDER

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** Within thirty (30) days after the filing of this order, and without awaiting a discovery request, each party shall disclose to every other party the following information to the extent that it has not already been disclosed in the Initial Disclosures the parties have already served:

    A. the correct names of the parties to the lawsuit;
    B. the name, address, and telephone number of any potential parties;
    C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F. any settlement agreements relevant to the subject matter of this action; and
    G. any statement of any party to the litigation;

2. **Additional Disclosures.**

    A. The parties shall provide the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order to the extent that these disclosures have not already been made before the remand of the proceeding to this Court.

B. <u>Plaintiff's production</u>: to the extent that plaintiff pleads a claim for relief or defensive matter other than those addressed in the Patent Rules,[1] within sixty (60) days after the filing of this order, and without awaiting a discovery request, plaintiff shall produce a copy of all documents, data compilations and tangible things in the possession, custody, or control of the plaintiff that are relevant to those additionally pleaded claims or defenses involved in this action.

C. <u>Defendants' production</u>:

 i) within sixty (60) days after the filing of this Order, and without awaiting a discovery request, defendants shall begin a rolling production of documents relevant to the parties' pleaded claims and defenses, including at least a substantial production of preexisting documents sufficient to describe the structure and operation of the accused instrumentalities, along with marketing materials pertaining to the accused instrumentalities;

 ii) within ninety (90) days after the filing of this Order, and subject to the entry of a protective order or an agreement between the parties pertaining to the inspection and production of source code, defendants shall provide for inspection and production of source code for the accused instrumentalities.

 iii) within ninety (90) days after the filing of this Order, and without awaiting a discovery request, defendants shall complete their production of documents, data compilations and tangible things in the possession, custody, or control of the defendants that are relevant to the parties pleaded claims or defenses. Specifically excluded from this category are email and source code production. The parties' agreements on the defendants' production of source code is set forth above, and the parties' agreements on the defendants' production of email is set forth below;

 iv) within sixty (60) days after plaintiff provides key words for searching that limit the amount of email to a reasonable amount, defendants shall produce email from the 1 to 4 most knowledgeable custodians concerning each accused instrumentality. Such custodians shall be identified in defendants' initial disclosures. The parties agree to cooperate in testing and modifying the key word lists to provide a reasonable number of responsive emails. This production shall be without prejudice to plaintiff's ability to request emails from specific additional individuals.

D. within ninety (90) days after the filing of this order, the parties shall produce a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based,

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

      including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

      The parties agree to produce computer disks containing electronic images of documents to the extent reasonably possible. The parties further agree to meet and confer within twenty-one (21) days of the filing of this order to discuss the format of the electronic images. By written agreement between a producing and receiving party, alternative forms of disclosure may be provided. For example, the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish electronic images of the disclosure materials.

3.    **Testifying Experts.** Each side is limited to three testifying expert witnesses. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.    The expert's name, address, and telephone number;
    B.    The subject matter on which the expert will testify;
    C.    A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
    D.    If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions; and
    E.    If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

        (1)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
        (2)    the expert's current resume and bibliography.

      Draft expert reports, litigation counsel's communication with experts, and expert notes shall not be discoverable and need not be maintained or produced unless relied upon by the expert in reaching an opinion that is rendered in the expert's report or testimony.

      **Discovery Limitations.** Discovery is limited to the disclosures described in Paragraphs 1 and 3 together with no more than 25 interrogatories for each side. The parties also agree to use no more than 25 requests for admission, except that requests for admission directed to admissibility issues shall be unlimited. The parties agree to 20 hours of 30(b)(6) depositions for each side, 42 hours of additional fact depositions for each side (3rd party and Rule 30(b)(1) depositions), and 3 experts for each side who may be deposed for 7 hours. Each witness shall be deposed for a maximum of 7 hours. Notwithstanding the foregoing, in the event that plaintiffs choose to use the same expert against multiple defendants, each affected defendant may depose said expert for 7 hours; should multiple defendants employ the same expert, the plaintiffs may depose said expert for up to 7 hours relative to each of said defendants. These discovery limitations are based upon a current understanding of the case and the issues, and the parties reserve their abilities to request additional time, as needed. The depositions shall be conducted at a mutually agreeable place and location in the United States, unless good cause exists to

conduct a deposition outside the United States due to illness or similar reason. The parties agree that there are no limits on the number of depositions upon written questions taken pursuant to Fed. R. Civ. P. 31. The parties agree to work out a mutually agreeable scope of discovery in this case, and will attempt to delineate a mutually agreeable scope concerning relevant evidence (at the bare minimum, each side will specifically delineate, prior to any production deadline, that which they believe to be relevant so that impasses, if any, can be mutually agreeably resolved or brought to the Court's attention for ruling), electronically stored information, and other issues.

4. **Privileged Information.** There is no duty to disclose privileged documents or information. Within one-hundred and twenty (120) days of the filing of this order, the parties shall exchange privilege logs identifying the documents or information and the basis for any claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating within ten (10) days of the date designated for exchanging privilege logs.

5. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
   B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
   C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B" above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C" above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

6. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

7. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

8. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

9. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

11. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

12. **Discovery Conferences.** Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

13. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

14. **Protective Orders.** The parties will propose the terms of the protective order. The Court authorizes the parties to file any document that is subject to a protective order under seal.

15. **Courtesy Paper Copies.** Paper copies will not be accepted by this Court unless specifically requested.

16. **Hearing Notebooks.** With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

SIGNED this 30th day of December, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE